**Opinion issued May 18, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00476-CV

_____

### ARSENIO CANTU, Appellant

### V.

### ELBAR INVESTMENTS, INC. AND TAX EASE FUNDING, L.P., Appellees

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2012-15926

## MEMORANDUM OPINION

Seeking to set aside a tax-foreclosure sale of real property, appellant Arsenio Cantu filed a wrongful-foreclosure and declaratory-judgment action against appellees Elbar Investments, Inc. and Tax Ease Funding, L.P. In the alternative, Cantu sought an accounting of the proceeds from the sale.

Elbar and Tax Ease filed separate motions for summary judgment. The trial court granted both motions, ordering that Cantu take nothing on his claims. The case proceeded to trial for determinations of attorney's fees and the fair market rental value of the property. After a jury decided these issues, the trial court rendered judgment in favor of Elbar and Tax Ease.

Cantu appeals from the take-nothing judgment. But because he failed to satisfy the tender requirement applicable to a party seeking to set aside a foreclosure or tax sale, we affirm the judgment of the trial court.

## Background

Arsenio Cantu owned Lots 24, 25, and 26 of Block 117, Houston Harbor, an addition to the City of Houston, Harris County, Texas. He became delinquent in his payment of ad valorem taxes. As a result, Harris County and several other taxing entities sought and obtained a judgment granting them a tax lien.

Before a tax sale could be conducted, Cantu arranged for payment of the taxes on his behalf by Tax Ease Funding, L.P. Pursuant to Chapter 32 of the Tax Code, Tax Ease paid the property taxes, and the taxing entities transferred the tax lien to Tax Ease. In connection with this transaction, Cantu executed several documents, including a document entitled "Deed of Trust and Assignment of Leases and Rents." This document recited: "This lien is a transfer tax lien executed pursuant to section 32.06 of the Texas Tax Code." The deed identified the

2

"Mortgaged Property" as "Lots 24, 25, and 26, Block 117, Houston Harbor," with the "24" appearing as a handwritten and initialed alteration of the property description. Cantu also executed a promissory note in the amount of $21,319.13.

After Cantu executed the documents to transfer the tax lien, he defaulted on his payments. As a result, Tax Ease filed an application under the expedited-foreclosure procedure, TEX. R. CIV. P. 736, seeking an order allowing it to foreclose on Cantu's property. The court granted the order, and Tax Ease foreclosed on the property. At the foreclosure sale, the property was sold to Elbar Investments, Inc. for $65,000.

Following the foreclosure sale, Cantu brought suit against both Elbar and Tax Ease to set aside the foreclosure sale or to obtain an accounting of the proceeds of the sale. In his amended petition, Cantu sought a declaration that he "is the rightful owner of the property," and he requested that the foreclosure sale be set aside because the deed of trust "was illegally altered and that it is void without any force and effect." He alleged that Tax Ease improperly had altered the deed of trust to include Lot 24. He also sought a declaration that the property was sold for "grossly less" than the fair market value of the property. An amended petition also included a claim for wrongful foreclosure. Elbar and Tax Ease both moved for summary judgment.

3

Elbar filed a traditional motion for summary judgment that included four grounds challenging Cantu's wrongful-foreclosure and declaratory-judgment claims. The motion requested that the trial court order that Cantu take nothing on his claims against it, and that the case proceed to trial on Elbar's claims.

Tax Ease filed a no-evidence motion for summary judgment in which it challenged Cantu's claims for wrongful foreclosure, declaratory judgment, and alternative claim for an accounting. Like Elbar, Tax Ease also requested that the trial court order that Cantu take nothing on his claims against it, and that the case proceed to trial for a determination of its attorney's fees as a prevailing party on the declaratory-judgment claim.

The trial court granted both Elbar's and Tax Ease's motions. The orders did not specify the reasons for granting the motions. The case proceeded to trial only on the disputed fact issues of reasonable and necessary attorney's fees incurred by Elbar and Tax Ease and the fair market rental value of the property. After a jury made these determinations, the trial court rendered judgment in favor of Elbar and Tax Ease.

The trial court's final corrected judgment awarded Elbar and Tax Ease the amounts of attorney's fees found by the jury, reiterated the order that Cantu take nothing on his claims, and declared that Elbar's deed to the property terminated all of Cantu's rights in the property. Cantu moved for a new trial and for the trial court

4

to vacate its orders granting summary judgment in favor of Elbar and Tax Ease. The trial court denied these motions, and Cantu appealed.

## Analysis

On appeal, Cantu only challenges the trial court's rulings granting Elbar's and Tax Ease's motions for summary judgment with respect to his wrongful-foreclosure and declaratory-judgment claims. We review de novo a trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When, as in this case, a trial court's order granting summary judgment does not specify the grounds relied upon, "the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872–73 (Tex. 2000). In addition, when there are multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the appellant must negate all grounds on appeal. *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)).

The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Provident Life &*

5

*Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). A genuine issue of material fact exists if the nonmovant produces evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). A defendant moving for traditional summary judgment must negate conclusively at least one essential element of each of the plaintiff's causes of action or establish conclusively each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal-sufficiency standard of review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). A party may move for no-evidence summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id*. The reviewing court must grant the motion unless the nonmovant produces summary-judgment evidence raising a genuine issue of material fact. *Id*.; *see Mack Trucks*, 206 S.W.3d at 582.

In their motions for summary judgment, Elbar and Tax Ease sought summary judgment based on defenses to Cantu's claims. Both Elbar's and Tax

6

Ease's motions included grounds regarding Cantu's failure to meet two separate "tender" requirements prior to proceeding with the suit. In their first tender-requirement ground, they argued that Cantu was subject to a common-law requirement to tender the amount owed on the mortgage debt before bringing suit. By their second tender-requirement ground, Elbar and Tax Ease contended that Section 34.08 of the Tax Code required Cantu to deposit into the registry of the court the amount of the taxes owed on the property prior to challenging the foreclosure sale. In addition to these two grounds, Elbar's motion included grounds asserting equitable estoppel and limitations.

Elbar's and Tax Ease's summary-judgment arguments relating to a tender requirement dealt with two distinct conditions precedent imposed upon a party seeking to set aside a foreclosure or tax sale. One requirement arises under common law and the other arises under the Texas Tax Code.

With respect to the common-law tender requirement, if Tax Ease's foreclosure on its tax lien were treated as a foreclosure on a mortgage, then as a condition precedent to recovery of title from Elbar, Cantu would be required to tender the amount owed to Tax Ease on the promissory note. *See Saravia v. Benson*, 433 S.W.3d 658, 663 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Specifically, "tender of the sum owed on a mortgage

7

debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale." *Saravia*, 433 S.W.3d at 663. A tender is an unconditional offer by a debtor to pay another a sum not less in amount than that due on a specified debt or obligation. *Id.* A valid and legal tender of money consists of the actual production of the funds. *Id.* A debtor must relinquish possession of the funds for a sufficient time and under such circumstances as to enable a creditor, without special effort on his part, to acquire possession. *Id.* The party asserting valid tender bears the burden of proving it. *Id.*

With respect to the statutory tender requirement, if the foreclosure sale of Cantu's property were treated as a tax sale under Chapter 34 of the Tax Code, then Cantu would be required to meet conditions precedent to challenge the sale. Of primary importance to this appeal is the requirement that a person "may not commence an action that challenges the validity of a tax sale" unless the person "deposits into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest specified in the judgment of foreclosure obtained against the property plus all costs of the tax sale," or, alternatively, files an affidavit of inability to pay. TEX. TAX CODE § 34.08(a).

By their motions, Elbar and Tax Ease established that Cantu did not tender any money into the registry of the court. Cantu does not contend that he met the tender requirements. Instead, on appeal, Cantu raises four different arguments as to

8

why the trial court erred by granting summary judgment in favor of Elbar and Tax Ease based on the tender requirements, which include: (1) there was no tender requirement in this case because the foreclosure judgment did not specify the amount of delinquent taxes, penalties, or interest; (2) the excess funds from the foreclosure sale already in the court's registry should have satisfied the tender requirement; (3) if Cantu was required to tender money, the court should have allowed him the opportunity to do so before dismissal; and (4) the summary judgment should not have included his claims for declaratory relief because the deposit requirement did not apply to those claims. Cantu also contends that the trial court erred by granting summary judgment based on Elbar's equitable estoppel and limitations grounds.

Tax Ease contends that Cantu has raised arguments on appeal that he did not raise in the trial court. We may not consider a ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. TEX. R. CIV. P. 166a(c); *see Contractors Source, Inc. v. Amegy Bank Nat'l Ass'n*, 462 S.W.3d 128, 133 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The only ground for reversal that Cantu raises on appeal with respect to the tender requirements that he also raised in the trial court is his argument that the trial court should have treated the money already in the court's registry as his tender of the underlying debt. He did not raise his other

9

appellate arguments with respect to this summary-judgment ground in the trial court. As a result, we may not consider Cantu's other appellate arguments regarding the tender requirement and only consider his argument that the trial court erred by failing to consider the money already in the court's registry as satisfying the tender requirement. *See* TEX. R. CIV. P. 166a(c); *Contractors Source*, 462 S.W.3d at 133.

Cantu argues that the functional purposes of the tender requirement were satisfied by the presence of funds that had been deposited in the court's registry. He contends that excess proceeds of the foreclosure sale in the amount of $36,819.43 were deposited into the court's registry as a "Tax Escrow Deposit." He argues that the purpose of Tax Code Section 34.08 is to "forestall frivolous claims of faulty process." He also contends that the State's interest in securing the deposit to ensure payment of taxes was satisfied by the funds in the court's registry. *See John K. Harrison Holdings, LLC v. Strauss*, 221 S.W.3d 785, 790–91 (Tex. App.—Beaumont 2007, pet. denied).

In response, Tax Ease argues that even if the money in the registry constituted excess proceeds of the foreclosure sale, Cantu has not demonstrated that he has any right to the money. The Tax Code provides a detailed procedure that a person claiming an interest in the excess proceeds of a foreclosure sale must satisfy to establish his entitlement to the proceeds. Under this procedure, the

10

person asserting a claim to the proceeds may file a petition in the court that ordered the sale setting forth his claim to the proceeds. TEX. TAX CODE § 34.04; *see Woodside Assurance, Inc. v. N.K. Res., Inc.*, 175 S.W.3d 421, 424–427 (Tex. App.—Houston [1st Dist.] 2005, no pet.). After a hearing, the court will order that the proceeds be paid according to the priorities listed in that section. TEX. TAX CODE § 34.04; *see Woodside Assurance*, 175 S.W.3d at 424–427.

Cantu did not produce any evidence indicating that he filed a petition asserting his claim to the proceeds or that the court ordered the proceeds to be paid to him. Nor did he present any other evidence to demonstrate that he if he did follow the procedure, the result would show him to be the rightful owner of any particular amount of excess funds on deposit. As a result, Cantu did not demonstrate that he was entitled to an amount of money in the court's registry sufficient to satisfy the tender requirement. Accordingly, even to the extent Cantu might have prevailed on his argument that funds on deposit could be used to satisfy the tender requirement, he did not demonstrate his entitlement to the funds such that they could have qualified as a tender. *Cf. Saravia*, 433 S.W.3d at 663 (a tender is an unconditional offer to pay a sum equal to the full amount of an obligation, accompanied by actual production and relinquishment of the funds).

As the nonmovant, Cantu had the burden to establish a genuine issue of material fact regarding whether he met the tender requirements or was excused

11

from meeting them in order to rebut Elbar's and Tax Ease's summary-judgment motions. *See Hamilton*, 249 S.W.3d at 426; *Mack Trucks*, 206 S.W.3d at 581–82. We conclude that Cantu's conclusory argument that the trial court should have considered the money deposited with the court as satisfying the tender requirement, without demonstrating his entitlement to such money, did not raise a genuine issue of material fact regarding whether he met or was excused from meeting the tender requirement. As a result, Cantu did not negate all of the grounds upon which the trial court could have relied in granting Elbar's and Tax Ease's motions for summary judgment. Thus, we affirm the trial court's grant of summary judgment in favor of Elbar and Tax Ease based on their tender requirement grounds. *See FM Props.*, 22 S.W.3d at 872–73. Because we affirm on these grounds, we need not address Cantu's arguments regarding Elbar's equitable estoppel and limitations grounds. *See* TEX. R. APP. P. 47.1. We overrule Cantu's sole issue challenging the trial court's orders granting summary judgment in favor of Elbar and Tax Ease.

## Conclusion

We affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.